IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,664-01




EX PARTE RAYMOND JOSEPH JARAMILLO, JR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 56256-01-D IN THE 320TH DISTRICT COURT
FROM POTTER COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years’ imprisonment. The Seventh Court of Appeals affirmed his
conviction. Jaramillo v. State, 07-08-0148-CR (Tex. App. – Amarillo, March 13, 2009).
            On February 13, 2013, this Court remanded to the trial court to obtain affidavits and findings
of fact addressing Applicant’s allegations of ineffective assistance of trial counsel and denial of
access to testing of exculpatory evidence. On April 22, 2013, this Court received a supplemental
record from Potter County, consisting of the trial court’s findings of fact and conclusions of law. 
The trial court noted that it had appointed counsel to represent Applicant and had conducted a live
habeas hearing on April 8, 2013. Apparently, evidence presented at the habeas hearing included
testimony from Applicant and from Applicant’s trial counsel. However, despite the trial court’s
order to the District Clerk to file a supplemental clerk’s record containing the court reporter’s notes
from the habeas hearing along with the findings of fact and conclusions of law with this Court, no
reporter’s notes or transcript of the habeas hearing was included in the supplemental record.
            Without a transcript of the habeas hearing, the trial court’s findings of fact and conclusions
of law are not supported by the record. Therefore, the District Clerk of Potter County is ordered to
prepare a transcript of the habeas hearing conducted on April 8, 2013, and to transmit it to this Court. 
This application will be held in abeyance until the habeas hearing transcript has been received by this
Court. A supplemental transcript containing all affidavits and the transcription of the court reporter’s
notes from any hearing or deposition shall be forwarded to this Court within 30 days of the date of
this order. Any extensions of time shall be obtained from this Court.
 
Filed: October 30, 2013
Do not publish